# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**PAUL A. LEE,**

       **Plaintiff,**

**v.**                                                         **Civil Action No. 2:09cv144**
                                                                        **(Judge Maxwell)**

**ERIC HOLDER,**
**BETSY JIVIDEN**
**AND HARLEY LAPPIN,**

       **Defendants.**

## REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* plaintiff initiated this case pursuant to a civil rights complaint filed on December 29, 2009. The plaintiff was granted permission to proceed as a pauper on December 31, 2009, but was not assessed an initial partial filing fee. This case is before the undersigned for a preliminary review and Report and Recommendation pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

### II. The Complaint

On March 15, 1991, the plaintiff pleaded guilty to distribution of cocaine. On June 15, 1991, he received a term of 24 months imprisonment and five years supervised release. The plaintiff was released to his supervised release term on July 15 ,1991 and served two and a half years of that sentence prior to being arrested for new criminal conduct.

In the complaint, the plaintiff asserts that in 1991, the court imposed an illegal term of supervised release. Specifically, the plaintiff asserts that he should have only received a supervised release term of 2-3 years, rather than the five years he did receive. Therefore, when he subsequently

violated his supervised release on January 30, 1995, the plaintiff asserts that the most the court could have imposed on him at that time would have been six months. Thus, the plaintiff asserts that his 14 month violation sentence was wrongful and violated his Due Process rights and liberty interests.

In addition, the plaintiff asserts that the court's application of U.S.S.G. § 5D3.2(b) violated the *ex post facto* clause.

As relief, the plaintiff seeks compensatory damages in the amount of $500 per day for the 14 months of lost liberty interest and for the *ex post facto* and due process violations. The plaintiff also seeks $500,000 in punitive damages.

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on

---

[1] Id. at 327.

2

factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## IV. Analysis

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). One reason for imposing this requirement is to prevent a convicted criminal defendant from collaterally attacking his conviction through a civil suit. Id. at 484.

Here, the plaintiff clearly attempts to collaterally attack his criminal conviction and sentence through a civil suit. Indeed, a decision favorable to the plaintiff in this case would necessarily imply the invalidity of his conviction and sentence. However, the plaintiff has failed to show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, he has no chance of success on the merits of his claims and this case is due to be dismissed.

## V. Recommendation

For the reasons stated, the undersigned recommends that the plaintiff's complaint (dckt. 1) be **DISMISSED** under 28 U.S.C. §§ 1915(e) and 1915A for the failure to state a claim.[2]

---

[2] The undersigned also notes that the plaintiff fails to name an appropriate defendant. The plaintiff has initiated this suit pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which authorizes suits against federal employees in their individual capacities. However, none of the named defendants was personally involved in the plaintiff's sentencing. The plaintiff merely names the defendants in their official capacities as the United States Attorney General, the Acting United States Attorney for the Northern District of West Virginia and the Director of the Bureau of Prisons. However, a suit under Bivens is not the appropriate avenue for raising official capacity claims, see Kentucky

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. The failure to timely file objections as set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: January 4, 2010.

*[signature]*
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE

---

v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally present only another way of pleading an action against an entity of which an officer is an agent.'"), and the plaintiff has not otherwise established that the defendants are liable in their supervisory capacities. <u>Miltier v. Beorn</u>, 896 F.2d 848, 854 (4th Cir. 1990). Thus, his claims are alternately dismissible for those reasons.